1 | Tanya E. Moore, SBN 206683
2 | MOORE LAW FIRM, P.C.
  | 332 North Second Street
3 | San Jose, California 95112
  | Telephone (408) 298-2000
4 | Facsimile (408) 298-6046
  | E-mail: service@moorelawfirm.com
5 | Attorneys for Plaintiff
  | Cameron Shaw

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAMERON SHAW, | No. 2:19-cv-02046 |
| Plaintiff, | **COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER THE AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |
| vs. | |
| BEVERLY BLVD LEASECO, LLC dba SOFITEL LOS ANGELES AT BEVERLY HILLS; BEVERLY BLVD OWNERCO, LLC; LOS ANGELES MAISON, LLC dba LOS ANGELES MAISON, INC.; | |
| Defendants. | |

**I. SUMMARY**

1. This is a civil rights action by plaintiff CAMERON SHAW ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> Sofitel Los Angeles at Beverly Hills
> 8555 Beverly Boulevard
> Los Angeles, CA 90048
> (hereafter "the Facility")

*Shaw v. Beverly Blvd LeaseCo, LLC, et al.*
Complaint

Page 1

2. Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against BEVERLY BLVD LEASECO, LLC dba SOFITEL LOS ANGELES AT BEVERLY HILLS; BEVERLY BLVD OWNERCO, LLC; and LOS ANGELES MAISON, LLC dba LOS ANGELES MAISON, INC. (hereinafter collectively referred to as "Defendants"), pursuant to Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8. Plaintiff is substantially limited in his ability to walk, must use a wheelchair for mobility, and has substantially limited dexterity. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

///
///

## V.   FACTS

9. The Facility is open to the public, intended for non-residential use, and its operation affects commerce. The Facility is therefore a public accommodation as defined by applicable state and federal laws.

10. Plaintiff regularly travels to the area where the Facility is located, and visited the Facility on or about February 22-25, 2019 for the purpose of staying at the hotel while attending a conference. During his visit to the Facility, Plaintiff encountered the following barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility:

   a) Plaintiff called the hotel after reserving his room online to confirm that he would be given a wheelchair-accessible room with an accessible balcony. The staff assured him that he would be assigned to such a room. However, when Plaintiff arrived at the hotel, he found that the entrance to the balcony of his guestroom had a large step up, which he was unable to wheel over. Although there was a table and chairs on the balcony, Plaintiff was unable to use them, which was extremely disappointing as he had hoped to eat breakfast there. Plaintiff's fiancée called the front desk to inquire whether there might be another guestroom with an accessible balcony that they could move to, but she was told that all the guestrooms had similar balconies with steps.

   b) The shower in Plaintiff's guestroom was also not accessible. Although it had a roll-in floor, there was no bench or chair, and no grab bars. Plaintiff was unable to shower for the entirety of his stay.

///

c) Plaintiff was not able to transfer to the toilet in his guestroom because it lacked properly configured and positioned grab bars. He had to use his personal commode instead, which was inconvenient.

d) The door to Plaintiff's guestroom was heavy, and there was a refrigerator obstructing the maneuvering clearances at the door on the inside of the room. At one point, Plaintiff was in the room by himself and wanted to leave. He could not operate his wheelchair joystick while simultaneously using both hands to pull and hold the door open wide enough for his wheelchair to get out. He found himself trapped in the room and had to call the front desk to send a bellhop to let him out, which was inconvenient and embarrassing.

e) Plaintiff and his fiancée got massages at the SoSpa hotel spa during their stay. The route of travel to the massage table lacked sufficient clear width, and the massage tables had to be pulled apart for his wheelchair to fit through, which was embarrassing.

f) The massage table did not adjust up and down to allow Plaintiff to transfer from his wheelchair to the table. And, the spa room had no grab bars. Plaintiff was unable to transfer to the massage table by himself and had to be assisted onto the table by spa staff, which was embarrassing.

11. The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is

///

*Shaw v. Beverly Blvd LeaseCo, LLC, et al.*
Complaint

Page 4

1  Plaintiff's intention to have all barriers which exist at the Facility and relate to his
2  disabilities removed to afford him full and equal access.

3      12.   Plaintiff was, and continues to be, deterred from visiting the Facility
4  because Plaintiff knows that the Facility's goods, services, facilities, privileges,
5  advantages, and accommodations were and are unavailable to Plaintiff due to
6  Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at
7  the Facility, and will return to the Facility once the barriers are removed.

8      13.   Defendants knew, or should have known, that these elements and
9  areas of the Facility were inaccessible, violate state and federal law, and interfere
10 with (or deny) access to the physically disabled. Moreover, Defendants have the
11 financial resources to remove these barriers from the Facility (without much
12 difficulty or expense), and make the Facility accessible to the physically disabled.
13 To date, however, Defendants refuse to either remove those barriers or seek an
14 unreasonable hardship exemption to excuse non-compliance.

15     14.   At all relevant times, Defendants have possessed and enjoyed
16 sufficient control and authority to modify the Facility to remove impediments to
17 wheelchair access and to comply with the 1991 ADA Accessibility Guidelines
18 and/or the 2010 ADA Standards for Accessible Design. Defendants have not
19 removed such impediments and have not modified the Facility to conform to
20 accessibility standards. Defendants have intentionally maintained the Facility in
21 its current condition and have intentionally refrained from altering the Facility so
22 that it complies with the accessibility standards.

23     15.   Plaintiff further alleges that the (continued) presence of barriers at
24 the Facility is so obvious as to establish Defendants' discriminatory intent. On
25 information and belief, Plaintiff avers that evidence of this discriminatory intent
26 includes Defendants' refusal to adhere to relevant building standards; disregard
27 for the building plans and permits issued for the Facility; conscientious decision
28 to maintain the architectural layout (as it currently exists) at the Facility; decision

not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliant state. Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated or temporary interruptions in access due to maintenance or repairs.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id</u>. § 12182(b)(2)(A)(v).

///

21. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

23. Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1993 – independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

26. Plaintiff alleges on information and belief that the Facility was modified after January 26, 1993, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Shaw v. Beverly Blvd LeaseCo, LLC, et al.*
Complaint

1 area that contains a facility's primary function also requires making the paths of
2 travel, bathrooms, telephones, and drinking fountains serving that area accessible
3 to the maximum extent feasible. Id.

4     28. Here, Defendants altered the Facility in a manner that violated the
5 ADA and was not readily accessible to the physically disabled public – including
6 Plaintiff – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

8     29. The ADA also requires reasonable modifications in policies,
9 practices, or procedures, when necessary to afford such goods, services, facilities,
10 or accommodations to individuals with disabilities, unless the entity can
11 demonstrate that making such modifications would fundamentally alter their
12 nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

13     30. Here, Defendants violated the ADA by failing to make reasonable
14 modifications in policies, practices, or procedures at the Facility, when these
15 modifications were necessary to afford (and would not fundamentally alter the
16 nature of) these goods, services, facilities, or accommodations.

### Failure to Maintain Accessible Features

18     31. Defendants additionally violated the ADA by failing to maintain in
19 operable working condition those features of the Facility that are required to be
20 readily accessible to and usable by persons with disabilities.

21     32. Such failure by Defendants to maintain the Facility in an accessible
22 condition was not an isolated or temporary interruption in service or access due
23 to maintenance or repairs.

24     33. Plaintiff seeks all relief available under the ADA (i.e., injunctive
25 relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
26 U.S.C. § 12205.

27 ///
28 ///

## VII. SECOND CLAIM

### Unruh Act

34. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

35. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

36. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

37. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

38. Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

39. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

40. Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of $4,000 for each offense.

41. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

///

///

*Shaw v. Beverly Blvd LeaseCo, LLC, et al.*
Complaint
Page 9

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

42. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

43. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

44. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

45. Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

46. Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

///

///

1      3.      Attorneys' fees, litigation expenses, and costs of suit.[2]

2      4.      Interest at the legal rate from the date of the filing of this action.

3      5.      For such other and further relief as the Court deems proper.

Dated: March 19, 2019          MOORE LAW FIRM, P.C.

                                   */s/ Tanya E. Moore*
                                   Tanya E. Moore
                                   Attorneys for Plaintiff
                                   Cameron Shaw

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Shaw v. Beverly Blvd LeaseCo, LLC, et al.*
Complaint

Page 11

# VERIFICATION

I, CAMERON SHAW, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated: March 19, 2019          */s/ Cameron Shaw*
                                         Cameron Shaw

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                                  */s/ Tanya E. Moore*
                                                  Tanya E. Moore, Attorney for
                                                  Plaintiff, Cameron Shaw